IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| RODERICK R. JOHNSON, | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:18-cv-00258-CDL-CHW |
| Warden CLINTON PERRY, JR., | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |

## ORDER FOR BRIEFING

On March 20, 2019, Respondent Clinton Perry filed a motion to dismiss, arguing that this Section 2254 action should be dismissed for untimeliness under 28 U.S.C. § 2244(d)(1)(A), which establishes a 1-year limitation period running from the date of finality of judgment. A Report and Recommendation was entered advising the Court to grant Respondent's motion to dismiss. (Doc. 17). In his original response to the motion to dismiss, Petitioner argued that he was entitled to relief from the statute of limitations based on equitable tolling.

In his objection to the Recommendation, Petitioner raised for the first time a new argument based on statutory tolling, contending that the 1-year limitation period should instead run pursuant to 28 U.S.C. § 2244(d)(1)(B) upon "the date on which [an] impediment to filing [a habeas] application created by State action in violation of the Constitution or laws of the United States is removed." As such an impediment, Petitioner cites his 127-day confinement to "diagnostics" from September 12, 2012, to January 17, 2013. (Doc. 21, p. 2). Petitioner asserts that "Inmates are not permitted to file habeas petitions while housed in diagnostics." (Doc. 10, p. 2). Defendants did not have the opportunity to respond to this argument prior to the Court's consideration of the motion.

1

Upon consideration of Petitioner's objection, the District Court declined to adopt the Recommendation and instead remanded the action to the undersigned Magistrate Judge for further development of the record. (Doc. 23). To develop the record as to Petitioner's statutory tolling argument, further briefing is required.

Accordingly, Respondent's prior Motion to Dismiss (Doc. 7) is hereby administratively **TERMINATED**. **Within 21 days of the date of this Order**, Respondent may renew his Motion to Dismiss for untimeliness by filing a brief addressing the timeliness of the petition in light of Petitioner's statutory tolling argument under 28 U.S.C. § 2244(d)(1)(B), specifically, Petitioner's claim that the State created an unlawful impediment to filing based on Petitioner's confinement in "diagnostics." Alternatively, Respondent may withdraw his motion to dismiss and, **within 30 days of the date of this Order**, file a brief addressing Petitioner's Section 2254 claims on the merits.

Petitioner is advised that, upon the filing of any brief or renewed motion to dismiss by Respondent, Petitioner may file a written response **within 21 days of the date of Respondent's filing**. Respondent shall have **14 days** thereafter to file any reply, pursuant to the Local Rules of this Court. Because no judgment has yet been issued in this action, Petitioner's motion for a certificate of appealability (Doc. 22) is **DENIED** as premature.

**SO ORDERED**, this 15th day of July, 2019.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge